UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONNA J. DUNCAN,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 1:12-cv-01976-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff Donna J. Duncan seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB) benefits. This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be AFFIRMED.

OPINION AND ORDER - 1

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

OPINION AND ORDER - 2

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on December 12, 1962, graduated from highschool, and completed vocational training as a certified nursing assistant. Plaintiff protectively filed her application for

OPINION AND ORDER - 3

DIB on March 18, 2009, alleging that she has been disabled since November 25, 2006. The claim was denied initially on May 26, 2009, and upon reconsideration on July 29, 2009. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on April 28, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On May 27, 2011, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA during the period from her alleged onset date of November 25, 2006 through her date last insured of March 31, 2010. Tr. 40, Finding 2.[1] At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: degenerative disc disease/degenerative joint disease of the lumbar spine; and allergy/asthma related symptoms. Tr. 40, Finding 3. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 41, Finding 4. After consulting the record, the ALJ concluded that plaintiff has the RFC "to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except: no climbing of ladders, ropes and scaffolds; no stooping, kneeling and crouching; occasional climbing of ramps and stairs; and avoid [sic] even moderate exposure to fumes, dusts and gases." Tr. 41, Finding 5. The ALJ found that, through the date last insured, plaintiff was unable to perform past relevant work. Tr. 44, Finding 6. Based on plaintiff's age, education, work experience, RFC and testimony from the VE, the ALJ

---

[1] "Tr." refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 4

determined that plaintiff is able to perform work existing in significant numbers in the national economy, such as bench hand, toy stuffer, and type copy examiner. Tr. 45, Finding 10. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 45, Finding 11.

## DISCUSSION

Plaintiff asserts that the ALJ's conclusion was made in error, because (1) the ALJ's own RFC finding is disabling, and (2) the ALJ improperly rejected lay witness testimony.

### 1. The ALJ's RFC Finding

First, plaintiff asserts that because the ALJ found that plaintiff is limited to sedentary work with no stooping, he should have also found that plaintiff is disabled. Plaintiff bases her argument on Social Security Ruling 96-9p. Social Security Ruling 96-9p states:

> An ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work.

Because Social Security Ruling 96-9p states that an inability to stoop usually results in a disability finding, plaintiff argues that the ALJ should have concluded that plaintiff was disabled in this case. However, Social Security Ruling 96-9p does not prescribe a necessary conclusion as plaintiff suggests. Instead, it states that a complete inability to stoop *usually* results in a conclusion that the claimant is disabled. Therefore, the ALJ was not bound to determine that plaintiff was disabled based upon her inability to stoop.

The ALJ may rely on the testimony of a VE to meet his burden of showing that there are a significant number of jobs in the national economy that plaintiff can do. *Tackett v. Apfel*, 180

F.3d 1094, 1099 (9th Cir. 1999). Here, the ALJ relied on the VE, who provided examples of three jobs that plaintiff possesses the RFC to perform: bench hand, toy stuffer, and type copy examiner. According to the Dictionary of Occupational Titles, each of these jobs requires no stooping. Therefore, the ALJ did not error by relying on the testimony of the VE, and his finding is supported by substantial evidence.

### 2. Lay Witness Testimony

Second, plaintiff argues that the ALJ improperly rejected the lay witness testimony of Cassandra Nelson, plaintiff's daughter. If the ALJ wishes to discount the testimony of a lay witness, he must give reasons that are germane to each witness. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Ms. Nelson explained that plaintiff needs to alternate sitting, standing, and laying down throughout the day. While the ALJ discussed Ms. Nelson's testimony, he did not specifically provide reasons for discounting it.

However, the Ninth Circuit has also allowed an ALJ to discredit a lay witness by noting "contradictory testimony at other points in his decision. . . . even if he did not clearly link his determination to those reasons." *Lewis*, 236 F3d. at 512. In *Lewis*, the Ninth Circuit explained that the ALJ properly discredited the testimony of family members by noting inconsistent medial evidence elsewhere in his opinion. *Id.* In the present case, the ALJ noted medical evidence that directly contradicts Ms. Nelson's testimony. For example, the ALJ explained that during physical examinations with Nasser Abu-Erreish, M.D., in June and December of 2010, plaintiff assessed her back pain as only four or five on a scale of ten. TR. 42. Also, Dr. Erreish opined that plaintiff was in overall healthy condition and advised her to continue exercise. *Id.* Similarly, the ALJ noted that in 2006, plaintiff's treating physician, James Beggs, M.D., opined that plaintiff's

OPINION AND ORDER - 6

symptoms had improved and she relied only on Tylenol for her back pain. *Id.* Furthermore, plaintiff had noted that she was able to do things that distracted her enough so that she was unaware of her pain for extended periods. TR. 43. The ALJ noted that Dr. Beggs found that plaintiff could continue the physical activities required by her job and is able to handle all of the activities of daily living. *Id.* By noting evidence that is inconsistent with the lay witness testimony, the ALJ properly discounted it. Accordingly, this court finds no error.

## CONCLUSION

This court concludes that the Acting Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record. The Acting Commissioner's decision denying Donna J. Duncan benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 5 day of November, 2013.

Ancer L. Haggerty
United States District Judge